792 A.2d 555 (2002)
348 N.J. Super. 609
STATE of New Jersey, Plaintiff/Respondent,
v.
Michael DUFFY, Defendant/Appellant.
Superior Court of New Jersey, Appellate Division.
Argued December 18, 2001.
Decided March 8, 2002.
*556 Peter M. O'Mara, Red Bank, argued the cause for appellant.
Mark P. Stalford, Assistant Prosecutor, argued the cause for respondent (John Kaye, Monmouth County Prosecutor, attorney; Mr. Stalford, of counsel and on the brief; Rodney Troyan, on the brief.).
Before Judges SKILLMAN, WALLACE, Jr., and WELLS.[1]
The opinion of the court was delivered by WALLACE, Jr., J.A.D.
Defendant Michael Duffy was convicted in the Holmdel Township Municipal Court of refusing to take a breathalyzer test, N.J.S.A. 39:4-50.2, and found not guilty of driving while intoxicated (DWI), N.J.S.A. 39:4-50. On appeal following a trial de novo on the record of refusal, the Law Division found defendant guilty of refusal to take a breathalyzer test. The judge imposed an appropriate sentence. On this appeal, defendant essentially contends there was insufficient evidence to establish proof of a refusal because he consented to take the test. We reverse.
The relevant facts presented by the State are brief. On May 23, 1999, Trooper Robert Lanno, a certified radar and breathalyzer operator, arrested defendant for speeding and suspected driving under the influence of alcohol. Lanno transported defendant to the police station where, pursuant to N.J.S.A. 39:4-50.2(e), he read him the DWI standard statement, which included a request for defendant to submit to a breathalyzer exam. Defendant said he would take the test. Lanno prepared the machine while defendant waited in a cell. At some point defendant informed Lanno that he was sick and could not take the test. Lanno continued to prepare the machine. After the machine was set up, Lanno again asked defendant if he would take the test. Defendant replied that he thought he could take it. As they left the cell, Lanno noticed defendant sticking his fingers down his throat as if he were trying to vomit. Lanno placed defendant in front of the breathalyzer and asked defendant again if he was going to take the test. Defendant replied, "I'll take the test, but it's under duress." Lanno then escorted defendant back to the holding cell and made no further attempt to give him the breathalyzer test.
Defendant contends that his conduct and responses were insufficient to establish by a preponderance of the evidence a refusal to take the test.
N.J.S.A. 39:4-50.2 provides that any person who is arrested for drunk driving "shall be deemed to have given his consent to the taking of samples of his breath for the purpose of making chemical tests to determine the content of alcohol in his blood." In addition, the police officer is required to "inform the person arrested of the consequences of refusing to submit to such a test, ... [and][a] standard statement... shall be read by the police officer to the person under arrest." N.J.S.A. *557 39:4-50.2(e). In State v. Wright, 107 N.J. 488, 504, 527 A.2d 379 (1987), our Supreme Court observed that the purpose of N.J.S.A. 39:4-50.2 is to encourage motorists suspected of drunk driving to submit to a breathalyzer test. A breathalyzer refusal hearing is treated as a civil matter with a preponderance of evidence standard of proof. Wright, supra, 107 N.J. at 503, 527 A.2d 379; N.J.S.A. 39:4-50.4a.
Recently, our Supreme Court endorsed the principle that "`anything substantially short of an unconditional, unequivocal assent to an officer's request that the arrested motorist take the breathalyzer test constitutes a refusal to do so.'" State v. Widmaier, 157 N.J. 475, 497, 724 A.2d 241 (1999) (quoting State v. Bernhardt, 245 N.J.Super. 210, 219, 584 A.2d 854 (App. Div.) certif. denied, 126 N.J. 323, 598 A.2d 883 (1991)). In Widmaier, the police officer asked defendant to take the test and defendant replied he wanted the officer to call his attorney. Widmaier, supra, 157 N.J. at 481, 724 A.2d 241. The officer informed defendant that he had no right to consult with an attorney before giving a breath sample, and that he would be charged with refusal if he would not take the test without his attorney present. Ibid. Defendant replied that he would take the test but wanted his "`attorney present for calibration purposes.'" Ibid. The Court concluded that defendant's response was "conditional, not rising to the level of the unequivocal consent needed to proceed with a breathalyzer test." Id. at 497, 724 A.2d 241. The Court recommended a modification in the standard statement to eliminate any ambiguity regarding a motorist's intent to take the test. The Court explained:
We would recommend a modification of the instructions accompanying the statement that directs the police officer, in the event the motorist's response to the standard statement is conditional in any respect whatsoever, to then inform the motorist that the prior response is unacceptable and that, unless the motorist consents unconditionally to the taking of breath samples, a summons alleging violation of the breathalyzer statute will issue. Accordingly, we urge the Director of the Division of Motor Vehicles to consider revising the standard statement to further ensure that suspects understand that an ambiguous or conditional answer to a request to submit to a breathalyzer test will be deemed a refusal.

[Id. at 498-499, 724 A.2d 241.]
At the trial de novo, the Law Division judge expressed reservation whether, standing alone, defendant's response that he would take the test, but under duress, would be considered a refusal. However, the judge concluded that this response along with the other circumstances, which included defendant's statement that he was sick and could not take the test, followed by his consent to take the test, his subsequent placing of his fingers in his mouth, and then his agreement to take the test but under duress, demonstrated that defendant did not unequivocally consent to take the test.
We have considerable reservation about whether defendant's comment that he would "take the test but it's under duress," placed a condition on taking the test. More importantly, Trooper Lanno testified that if a person refuses to take the breathalyzer test, he is required to read an addendum[2] to the person. See Widmaier, *558 supra. Unfortunately, Trooper Lanno also testified that once he interpreted defendant's response as a refusal, he did not read the additional required statement.
Unlike in Widmaier, defendant was not informed that his response was unacceptable, and that unless he responded "yes," a summons alleging violation of the breathalyzer statute would issue. We find the failure to inform defendant that his response was considered a refusal, and that unless he replied yes he would be cited for a refusal, to be a fatal defect in the State's case.
The conviction for refusal pursuant to N.J.S.A. 39:4-50.2 is reversed.
NOTES
[1] Judge Wells did not participate in oral argument, but with the consent of counsel has been added to this panel deciding the matter.
[2] Neither the addendum Trooper Lanno testified he is required to read nor the standard DWI statement was included in the appendix.